UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN SCOTT VARNER, )<br>  )<br>         Petitioner, )<br>  )<br>v. ) No. 1:08-cv-343-SEB-TAB<br>  )<br>WENDY KNIGHT, Superintendent, )<br>  )<br>         Respondent. ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

A federal court may issue a writ of habeas corpus pursuant to § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Because habeas petitioner Kevin Scott Varner ("Varner") has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied** and this action dismissed.

**Discussion**

In a disciplinary proceeding identified as No. RDC 07-09-0010, Varner was found guilty of violating prison rules at the Reception Diagnostic Center, an Indiana prison, by refusing to obey an order from any staff person. The evidence favorable to the conduct board's decision in this matter is that during the late evening of August 27, 2007, Varner was ordered to get a haircut pursuant to a policy in effect at that institution. He refused, stating, "No, take me to seg[regation]." Contending that the proceeding was constitutionally infirm, Varner seeks a writ of habeas corpus.

Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance of advance written notice of the charges, a limited opportunity to present evidence to an

impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). In addition, Indiana prisoners must pursue their available administrative remedies before filing a habeas petition. *Eads v. Hanks,* 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark,* 978 F.2d 993, 995 (7th Cir. 1992). The failure to do so, whether pertaining to the remedy as a whole or to the inclusion in an administrative appeal each claim which is later asserted in a federal habeas petition, constitutes a procedural default. If confronted with this argument, Varner could overcome procedural default through a showing of cause and prejudice or that a fundamental miscarriage of justice would result if the merits of his claim are not reached. *Aliwoli v. Gilmore,* 127 F.3d 632, 634 (7th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

"The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Varner received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Varner was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed.

Varner's challenge in this case does not support his prayer for relief. Specifically, he claims that the conduct board committed error in not dismissing the case because the charge of misconduct in No. RDC 07-09-0010 was not brought within the 1-week period prescribed by Indiana prison regulations and because in one or more other cases a charge was dismissed as not having been timely filed. Varner's argument is not that this violated his due process rights, for the quite evident reason that the mere violation of a prison policy does not constitute even a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995). His argument, instead, is that it denied him equal protection for the conduct board to not have dismissed his case.

The respondent is correct that Varner's administrative appeals do not include or even suggest an equal protection basis for his claim of error. He has therefore committed procedural default as to this claim, and fails to overcome the consequences of that default by arguing, incorrectly, that his administrative appeals "called to mind" an equal protection violation.

Apart from Varner's procedural default, his equal protection "class of one" argument fails.[1] The inherent discretion of prison authorities to manage internal discipline necessitates that some prisoners will receive more favorable treatment than others. *See Shango v. Jurich,* 681 F.2d 1091,1104 (7th Cir. 1982) ("The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action.").

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Varner to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 08/22/2008

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[1] "The purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents." *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000) (internal quotation marks and alteration omitted). In recognition of this guarantee, "the Supreme Court has recognized the validity of 'class of one' Equal Protection claims, 'where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Willis v. Town of Marshall,* 426 F.3d 251, 263 (4th Cir. 2005) (quoting *Olech,* 528 U.S. at 564).